HANNAH L. YOUNG *vs.* INHABITANTS OF DOUGLAS.

Worcester.    October 6, 1892. — November 23, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Highway Defect — Notice of Cause.*

The material part of a notice to a town, signed by attorneys, that a person had been injured by a defect in a highway therein, was as follows: "The said defect consisted of several cider barrels lying on the southerly side of said highway, and under a railing at said culvert, within a foot or so of the wheel tracks, and a large stone lying on the opposite side of said way, and very near the travelled part of said way, and said way being at this place less than fourteen feet wide." In an action for such injury, it appeared that the plaintiff's horse shied at some barrels under a railing on the southerly side of the highway; that his wagon was brought in contact with a large stone, since removed, on the other side of the way, and a few feet farther to the west, being thirty-nine feet west of the culvert referred to in the notice, at a place where the travelled part of the way was fourteen feet wide; that there was another stone at this place, and another from five to twelve feet west of the culvert, and another eighty-five feet west of the culvert; and that there were also two stones east of and near to the culvert. The jury returned a verdict for the plaintiff. *Held,* that the defendants' exceptions must be overruled.

TORT, for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant town. At the trial, in the Superior Court, before *Corcoran,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts, so far as material to the point decided, appear in the opinion.

*G. T. Dewey & T. G. Kent,* for the defendant.

*A. P. Rugg,* for the plaintiff.

HOLMES, J.    The plaintiff's case was that her horse shied at some barrels under a railing, on the southerly side of the highway, and that her wagon was brought in contact with a large stone, since removed, on the other side of the way, and a few feet further to the west, being thirty-nine feet west of the culvert referred to in the notice, at a place where the travelled part of the way was fourteen feet wide. There was another stone at this place, and another from five to twelve feet west of the culvert, and another eighty-five feet west of the culvert. There were also two stones east of and near to the culvert. The

material part of the notice was as follows: " The said defect consisted of several cider barrels lying on the southerly side of said highway, and under a railing at said culvert, within a foot or so of the wheel tracks, and a large stone lying on the opposite side of said way, and very near the travelled part of said way, and said way being at this place less than fourteen feet wide."

It cannot be required of a notice in all cases that, when it is applied to the ground, it then should identify the objects referred to. Sometimes those objects have disappeared in the course of nature, as happens with snow and ice; sometimes they have been removed by third persons, as was admitted in this case with regard to the barrels, and as was alleged with regard to the stone. The barrels were a proper object to refer to for the purpose of identifying the place of the stone, and the mode of reference excluded the stones east of the culvert, and fitted a stone thirty-nine feet west of it better than it did one twelve or one eighty-five feet west of the culvert, neither of which would have been so nearly opposite the barrels.

The considerations which we have mentioned, if not enough to save the notice, a question on which we express no opinion, at least are enough to warrant a finding of good faith. When it is added that the notice was signed by lawyers, and sent evidently with a view to hold the town, any other inference would be absurd. The town cannot have been misled. At most, it was insufficiently instructed. See *Liffin* v. *Beverly*, 145 Mass. 549.

*Exceptions overruled.*