SUSIE B. HIGGINS *vs.* INHABITANTS OF NORTH ANDOVER.

Essex. November 4, 1896. — May 18, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Defect in Highway — Notice — Statute.*

In an action against a town for personal injuries occasioned by a defect in a high-
way, a notice by the husband of the plaintiff to the selectmen of the time, place,
and cause of the injury will be regarded as sufficient, if it can be gathered from
its terms and from the circumstances of the parties that it was signed and given
by the husband in behalf of his wife.

TORT, for personal injuries occasioned to the plaintiff while
travelling on a highway in the defendant town. The answer
was a general denial, and also alleged that the denial included
the allegation of notice. Trial in the Superior Court, before *Sher-
man,* J., who, being of opinion that the notice was insufficient,
and that the evidence offered was not sufficient in law to cover
all the defects of the notice and give validity to it, directed a
verdict for the defendant, and, at the request of the plaintiff,
reported the case for the determination of this court. The facts
appear in the opinion.

The case was argued at the bar in November, 1897, and after-
wards was submitted on briefs to all the justices.

*H. P. Moulton,* for the plaintiff, submitted the case on a brief.
*N. P. Frye,* for the defendant.

BARKER, J. The accident by which the plaintiff was hurt occurred on December 29, 1894, and the following notice was given and received on January 3, 1895: " To the selectmen of the town of North Andover, for the town of North Andover, I hereby give notice that I hold the town of North Andover re-. sponsible for serious injury sustained by my wife, Susie Bell Higgins, Saturday 29, 1894, by being thrown from a sleigh on the South Andover road between North R. and Andover. Accident being due to the unbroken and dangerous said road. And I further give notice that said road remains in a dangerous condition, notwithstanding due notice of the same to the. road commissioner. Mr. John F. Higgins, Middleton, Mass." The defendant gave no counter notice, under St. 1894, c. 389. The chairman of the defendant's selectmen, with a physician employed by the town, called at the plaintiff's residence on January 7, 1895, to ascertain the extent of her injuries, and then went with her husband to the place of the accident, where the husband pointed out to the. selectman the exact location, and told him the time and place of the occurrence, so that the defendant was seasonably put in possession of all the information contemplated by the statute.

While the specific statute requirements are only that the notice shall be given within a certain time, that it shall state the time, place, and cause of the injury, and that it shall be in writing signed by the person injured or by some one in his behalf, the decisions in which the statutes have been construed hold that the notice must also show that it is the basis of a claim against the defendant, and that it is given in behalf of the person who brings the suit. In *Kenady* v. *Lawrence,* 128 Mass. 318, where the person injured seasonably informed an officer of the defendant city of the time, place, and cause of the injury, the communication was held insufficient as a notice under St. 1877, c. 234, because it did not indicate that the plaintiff understood that he had any claim against the city, did not make it the duty of the official to inform the other city officers, gave no warning that the city was in fault, and did not therefore put it on inquiry, as the statute notice was intended to do. In *Driscoll* v. *Fall River,*

163 Mass. 105, writings which the plaintiff contended were a sufficient notice under St. 1887, c. 270, § 3, and amendments thereto, were held insufficient because they purported neither " to be given in behalf of the plaintiff, nor to indicate that he had any claim against the city," and it was said, citing also *Kenady* v. *Lawrence*, " The notices required by the statute are not to be construed with technical strictness, but enough should appear in them to show that they are intended as the basis of a claim against the city or town, and are given on behalf of the person who brings the suit." But in *Carberry* v. *Sharon*, 166 Mass. 32, it was held to be not necessary that the notice should say in express terms that it is signed in behalf of the plaintiff, if that can be gathered from its terms. The notice held good in that case showed that the signer was the husband of the plaintiff, and that she had received an injury "for which," it stated, " we will be obliged to make a claim on your town for damages."

We have no disposition to question the construction given by these decisions to the statutes requiring notice, and the question is whether it can be gathered, from the terms of the notice in the present case, that it was signed and given by the plaintiff's husband in her behalf.

It is true that, by the language used over his own signature, the plaintiff's husband states, "I hereby give notice that I hold the town of North Andover responsible for serious injury sustained by my wife, Susie Bell Higgins." But it is not the necessary meaning of these words that he holds the town responsible to himself. The situation of the parties may be taken into account in determining the meaning of the terms of such a notice, as well as those of a deed or other written instrument. It is both proper and usual for a husband to act as the protector of the rights of his wife, and he is very commonly her agent. The responsibility of the town which he was asserting was a responsibility to his wife, and not to himself. In such a case the husband has no right of action. *Harwood* v. *Lowell*, 4 Cush. 310. Not only is it to be presumed that he knew that he had no right to hold the town responsible to himself, while it was responsible to his wife, but that he understood that the town officers also knew the law and would apply that knowledge in construing the notice. Besides this, the plaintiff and her husband lived in a small town

away from the village, and five or six miles from any person skilled in drawing such notices, and the plaintiff was severely injured, confined to her bed and helpless, and requiring the constant attendance of her husband, who did not leave the premises except to point out the place of the accident to the town official who visited his residence after the receipt of the notice. In view of the circumstances existing when the notice was given, we are of opinion that it can be fairly gathered from its terms that the husband was acting for his wife and gave the notice as her agent. If so, it could not be held insufficient as not showing that it was given on behalf of the plaintiff. So far as its other defects are concerned, upon the facts offered in proof it might have been found that the town was not misled, and that there was no intention to mislead. See St. 1882, c. 36; St. 1888, c. 114. Or the plaintiff might avail herself of the failure to demand a further notice under St. 1894, c. 389.

In accordance with the terms of the report, the verdict for the defendant is to be set aside and a new trial ordered.

*So ordered.*