WILLIAM F. GREBENSTEIN *vs.* STONE AND WEBSTER
ENGINEERING CORPORATION.

Middlesex.    March 27, 1911. — May 19, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence*, Employer's liability: notice.  *Employers' Liability Act.   Notice.*

The following notice, signed by an attorney at law, was sent to the employer of one
G within sixty days after G received personal injuries while at work in the course
of his employment: " Gentlemen : G, who was in your employ and was very
greatly injured and will probably permanently lose his eyesight, while at work
on electrical appliances of the Boston Elevated Railway at Sullivan Square, and
is now in the Boston City Hospital, has placed his case in my hands for adjust-
ment.   There seems to be no doubt about the liability and certainly the injury is
very great.   If you wish to confer with me regarding a settlement I would be glad
to see or hear from you at once.   Yours very truly, M."  *Held,* that the notice
did not satisfy the requirements of R. L. c. 106, § 75, now St. 1909, c. 514, § 132,
requiring as a condition precedent to liability of the employer under R. L. c. 106,
§§ 71–74, now St. 1909, c. 514, §§ 127–131, that a "notice of the time, place and
cause of the injury" should be given to the employer in writing, signed by the
person injured or by some one in his behalf.

MORTON, J.   This case was before this court in 205 Mass.
431, where the defendant's exceptions were sustained, and it was
left to the Superior Court to decide whether the plaintiff should
be allowed to amend his declaration by substituting for the count
at common law on which the case was tried, counts under R. L.
c. 106, § 71, the act which was in force at the time of the injury
complained of.   The Superior Court allowed the plaintiff to
amend by substituting for the count at common law a count
under R. L. c. 106, for negligent superintendence, and the case
came on for trial on the declaration as thus amended.   The pre-
siding judge ruled, subject to the defendant's objection and ex-
ception, that there was evidence of negligent superintendence,
and by agreement of the parties submitted certain questions to
the jury which they answered in favor of the plaintiff and as-
sessed damages in the sum of $4,000.   The presiding judge* was,
however, of opinion that the notice was insufficient and directed
a verdict for the defendant and reported the case to this court.
If the ruling in regard to the notice was wrong and the facts
reported would justify a submission of the case to the jury, then

* *Wait,* J.

judgment is to be entered for the plaintiff for $4,000. Other-
wise judgment is to be entered on the verdict for the defendant.

We think that the ruling was right. The notice required by
the statute is a condition precedent to a right of action. Any
right of action which the plaintiff otherwise would have had is
lost if he fails to give a sufficient notice. The notice required
must be in writing, signed by the person injured or some one in
his behalf, and must be given to the employer within sixty days,
and must contain a statement of the time, place and cause of the
injury. The notice relied on in this case, omitting the letter-
head, is as follows:

" November 5, 1907.

Stone & Webster Engineering Corporation,
       No. 147 Milk Street,
              Boston, Mass.

Gentlemen:

William F. Grebenstein, who was in your employ and was
very greatly injured and will probably permanently lose his
eyesight, while at work on electrical appliances of the Boston
Elevated Railway at Sullivan Square, and is now in the Boston
City Hospital, has placed his case in my hands for adjustment.

There seems to be no doubt about the liability and certainly
the injury is very great. If you wish to confer with me regard-
ing a settlement I would be glad to see or hear from you at once.

              Yours very truly,
                     (Sgd) Howard D. Moore."

The notices required by the statute are not, as was said in *Dris-
coll* v. *Fall River*, 163 Mass. 105, of notices under the highway
statutes, " to be construed with technical strictness, but enough
should appear in them to show that they are intended as the basis
of a claim against the city or town." In *Kenady* v. *Lawrence*,
128 Mass. 318, it was said that "the notice itself should show . . .
either by a form of words, or by the circumstances under which
it is given, that it is intended by the party giving it as a notice
for the purpose of fixing his right of action." This was cited
with approval in *Lyman* v. *Hampshire*, 138 Mass. 74, 77, and in
*Carroll* v. *New York, New Haven & Hartford Railroad*, 182 Mass.
237, 241. In the present case the alleged notice begins with a

statement that the plaintiff was in the employ of the defendant, and while at work on electrical appliances of the Elevated Railway at Sullivan Square was greatly injured and " will probably permanently lose his eyesight," and that he " has placed his case in my [i. e. the writer's] hands for adjustment." So far there is nothing to show that the writer is giving a notice on behalf of the plaintiff which is intended to serve as a basis of a claim under the statute. All that it amounts to is a notice that the plaintiff has been injured while at work in the defendant's employ on electrical appliances at Sullivan Square belonging to the elevated railway, and that his claim is in the writer's hands for adjustment. The notice then goes on to say that " there seems to be no doubt about the liability and certainly the injury is very great," and concludes by saying that " If you wish to confer with me regarding a settlement I would be glad to see or hear from you at once." We do not see how it possibly can be said that this calls or was intended to call the attention of the defendant to the time, place and cause of the accident with a view to laying the foundation for a claim against the defendant under the statute. The alleged notice is nothing more nor less than a lawyer's letter calling the attention of the defendant to the fact that a claim has been placed in his hands for adjustment, and cannot be regarded as in any sense a notice under the statute. The case presented is not that of an inaccuracy in giving a notice intended as the basis of a claim under the statute, but a case where no notice whatever has been given. The plaintiff has been severely injured and his case is a hard one. But we are compelled to hold that the action cannot be maintained for want of a notice.

It is not necessary to consider whether the case was properly submitted to the jury on the question of liability.

*Judgment on the verdict for the defendant.*

*W. Flaherty*, for the plaintiff.

*E. K. Arnold*, (*S. H. Batchelder* with him,) for the defendant.