ALFREDA McNAMARA vs. BOSTON AND MAINE RAILROAD.

Suffolk.    November 11, 1913. — February 26, 1914.

Present: Rugg, C. J., Hammond, Loring, Braley, & De Courcy, JJ.

*Snow and Ice.    Notice.    Statute.*

In an action against a railroad corporation for injuries received by reason of ice upon a platform of a station of the defendant, a letter from the attorney of the plaintiff to the assistant general solicitor of the defendant, stating that a claim of the plaintiff had been placed in the writer's hands for adjustment and that it was for injuries received on the night of a certain day on the premises of the defendant at the station in question, but containing no mention of snow or ice and no reference to the cause of the injuries, is not a sufficient notice to satisfy the requirement of St. 1908, c. 305, and, the prescribed notice being a condition precedent to a right of action, the plaintiff cannot recover.

In an action against a corporation for injuries sustained by reason of a defective condition of premises of the defendant caused by ice, where the action could not be maintained because no sufficient notice of the cause of the plaintiff's injuries had been given to satisfy the requirement of St. 1908, c. 305, and the time for giving notice had expired before the enactment of St. 1912, c. 221, it was *held,* that the last named statute had no bearing on the case because its provisions were not retroactive, and that it was not necessary to consider what their effect would have been if they had been applicable.

Rugg, C. J.  This is an action of tort to recover damages for injuries received by reason of ice upon a platform of station premises of the defendant.*  The only question presented is whether the plaintiff gave a notice as required by St. 1908, c. 305, whereby a person founding an action upon defective conditions caused by or consisting in part of snow or ice is required to give notice of the time, place and cause of the injury or damage to the person or corporation responsible therefor.  The plaintiff contends that this statutory requirement is satisfied by a communication addressed by her attorney to the assistant general solicitor in the defendant's legal department, of the tenor following:

---

* The plaintiff's injuries were sustained on January 6, 1912.  In the Superior Court the case was tried before *Stevens,* J., who ruled that the communication quoted in the opinion was not a sufficient notice under the statute and ordered a verdict for the defendant.  The plaintiff alleged exceptions.

"Boston, Massachusetts, Jan. 12, 1912.

Charles S. Pierce, Esq.,

    Boston, Mass.

Dear Sir:

Miss Alfreda McNamara of Boston has placed in my hands for adjustment a claim against the Boston & Maine Railroad for injuries received on the night of January 6, 1912, on the premises of said 'company at their Wakefield Junction Station.

Awaiting your earliest convenience, I remain,

Very truly yours,

John J. Butler."

It is to be noted that this communication is not addressed to the defendant, and does not purport to be addressed to anyone in its behalf. It does not create the impression upon the mind by reading that it is intended to be a notice. It is in form a letter. It omits any reference to the cause of the injury, although it states the time and place. Where snow or ice is the cause of the damage, it is of especial importance that this fact should be called to the attention of the one upon whom it is sought to fasten liability, for the reason that the condition in the nature of things can last but a short time and is liable to change from hour to hour. This is demonstrated by the fact that the Legislature added snow and ice as one of the conditions respecting highways which called for a special notice within ten days instead of thirty days, the usual time for such notices, St. 1894, c. 422; and in 1908 the provision was extended to all persons or corporations against whom damages were demanded by reason of snow and ice. See, however, St. 1913, c. 324.

It is matter of common knowledge that these statutes were enacted because of the ease by which claims of this sort could be made and the general helplessness of the person against whom they were charged to ascertain the facts after the lapse of a brief time. The communication in the case at bar contained no intimation that snow or ice was the basis of the claim. The requirement that a notice be given is a condition precedent to the maintenance of the action. *Baird* v. *Baptist Society*, 208 Mass. 29. It cannot be said that this communication fairly construed was intended to direct the defendant's attention to a statement of

the time, place and cause of an accident with a view to making it the foundation of an action at law.   It is only a letter by one lawyer to another, to the effect that a claim has been placed in his hands for adjustment.   It is not a notice at all, and hence required no counter notice under R. L. c. 51, § 22.

The case is governed by *Grebenstein* v. *Stone & Webster Engineering Co.* 209 Mass. 196.

St. 1912, c. 221, having been enacted after the time expired for giving notice in this case, has no bearing.   Statutes commonly are to be construed as prospective only in their operation.   *Bucher* v. *Fitchburg Railroad,* 131 Mass. 156.   *Shallow* v. *Salem,* 136 Mass. 136.   *Dalton* v. *Salem,* 139 Mass. 91.   *Union Pacific Railroad* v. *Laramie Stock Yards Co.* 231 U. S. 190, 199.   It is not necessary to consider what its effect would be, if it were applicable.

*Exceptions overruled.*

*F. W. Fosdick,* for the plaintiff.
*A. R. Tisdale,* for the defendant, submitted a brief.