JOSEPH MENIZ *vs.* QUISSETT MILL.

Bristol. January 12, 1914. — February 26, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Employers' Liability Act,* Notice. *Negligence,* Employer's liability. *Notice.*

In a notice of the time, place and cause of an injury, which by St. 1909, c. 514, § 132, is required as a condition precedent to liability under the employers' liability act, it is not necessary that the notice should state expressly that it is signed

in behalf of the claimant if such an intent reasonably can be inferred from its words.

A communication in the form of a letter may be a sufficient notice of the time, place and cause of an injury required by statute as a condition precedent to liability in certain classes of actions, where it shows, upon a fair construction, that it was intended as the foundation of a right of action to which a notice is a condition precedent.

Where from the language of a communication, stating the time, place and cause of an injury, a reasonable person naturally would infer that it was intended for a notice required as a condition precedent to liability under a statute, if the notice is in all other respects sufficient it will not be held to be defective merely because it does not state expressly that it was given as and for a statutory notice.

A letter was received by a corporation signed by an attorney at law residing and practising in another State, which, after 'the letter-heading, the date and the address, was as follows: "Gentlemen: M has retained us in the matter of his case against your company for injuries sustained through the negligent starting of an engine while said M was engaged in cleaning the fly wheel and was in a position within said wheel doing said work on the twelfth day of June in your mill in the City of New Bedford. We should be glad to take this matter up with you at your earliest convenience." The attorney at law, whose name was signed to the letter, held a power of attorney from the injured man. *Held,* that the letter was a compliance with the requirement of notice before bringing an action under the employers' liability act contained in St. 1909, c. 514, § 132.

TORT for personal injuries sustained by the plaintiff on June 12, 1911, while in the employ of the defendant at New Bedford. Writ dated October 25, 1911.

The case came on for trial before *White,* J. The declaration contained counts both at common law and under the employers' liability act. "No question was made about the pleadings."

It appeared in evidence that in response to a message from the plaintiff, E. Raymond Walsh, Esquire, an attorney at law, residing and practising at Providence, in the State of Rhode Island, went to the residence of the plaintiff in New Bedford and consulted with him in regard to the matter. The plaintiff thereupon gave to Mr. Walsh a power of attorney. Mr. Walsh on his return to Providence mailed to the defendant at New Bedford the paper dated June 28, 1911, which is quoted in the opinion. This was received by the defendant on June 30, 1911; and subsequently, acting under the power of attorney, Mr. Walsh employed the law firm of Jennings, Morton and Brayton of Fall River, to bring this action against the defendant.

Upon this evidence the defendant asked the judge to rule that

the letter of June 28, 1911, did not constitute a sufficient notice under St. 1909, c. 514, § 132.

The judge ordered a verdict for the defendant and, by agreement of the parties, reported the case for determination by this court, with the stipulation that, if the ruling was right, judgment was to be entered on the verdict for the defendant; otherwise, judgment was to be entered for the plaintiff in the sum of $2,500.

*A. J. Jennings*, for the plaintiff.

*R. K. Hawes*, for the defendant.

RUGG, C. J. The only question raised in this case is the sufficiency of the notice, the giving of which was a condition precedent to the maintenance of the plaintiff's action. Within the statutory time a communication from a duly authorized attorney in fact of the plaintiff was sent to the defendant, as follows:

"Bliss & Walsh.

Law Offices, 19 College Street,

Telephone.                          Providence, R. I., June 28, 1911.
Quisset Mills,

New Bedford, Mass.

Gentlemen: — Joseph Menise has retained us in the matter of his case against your company for injuries sustained through the negligent starting of an engine while said Menise was engaged in cleaning the fly wheel and was in a position within said wheel doing said work on the twelfth day of June in your mill in the City of New Bedford.

We should be glad to take this matter up with you at your earliest convenience.

Very truly yours,

E. Raymond Walsh."

This communication was addressed to the defendant. It sets out with precision the time and place of the accident, and with reasonable sufficiency of detail its cause. *Beauregard v. Webb Granite & Construction Co.* 160 Mass. 201. At least in this respect it is sufficient to warrant a finding of good faith and that the defendant was not misled. *Young v. Douglas,* 157 Mass. 383. It is not signed by the plaintiff. But the requirement of St. 1909, c. 514, § 132, is that it shall be "signed by the person injured or

by a person in his behalf." It sufficiently appears on the face of the communication that this notice was given by the attorney of the plaintiff in behalf of the plaintiff. It is not disputed that at this time the person signing the notice was the attorney in fact of the plaintiff for this purpose. It is not necessary that the notice should state expressly that it is signed in behalf of the plaintiff if such an intent reasonably can be inferred from its words. The relation of the parties may be taken into account in determining this question. In respect to its signature this communication was sufficient. *Taylor* v. *Woburn,* 130 Mass. 494. *Dolan* v. *Alley,* 153 Mass. 380. *Carberry* v. *Sharon,* 166 Mass. 32. *Higgins* v. *North Andover,* 168 Mass. 251. *Greenstein* v. *Chick,* 187 Mass. 157. The facts plainly distinguish the case at bar from *Lukkonen* v. *Fore River Ship Building Co.* 197 Mass. 586.

The communication is couched in the form of a letter rather than a notice. It frequently has been held that notices required by statutes of this sort are not to be construed with technical strictness. They are sufficient if enough appears from their terms to show that they are intended for the purpose of fixing a right of action and as the basis of a claim in behalf of the person injured. *Lyman* v. *Hampshire,* 138 Mass. 74, 77. *Driscoll* v. *Fall River,* 163 Mass. 105. *Carroll* v. *New York, New Haven, & Hartford Railroad,* 182 Mass. 237, 241. But a written communication must go to this extent in order to be a compliance with the statutory requirement for a notice. It must show, when fairly construed, that it is intended as the foundation of that kind of a right of action to which a notice is a condition precedent. There is a great field of actions for personal injury for the maintenance of which no notice in writing is prerequisite. It is only in the restricted instances arising under the employers' liability act (narrow in operation since the enactment of the workmen's compensation act), from unsafe highways and from defective conditions due to snow and ice, that a notice stating the time, place and cause of the injury is made necessary by statute. There is a plain distinction between a statutory notice and a letter initiating negotiations for the settlement of a claim. This distinction has been made by the Legislature in requiring the notice. It must be enforced by the courts.

Applying this principle to the case at bar, the notice, although

near the line, was a sufficient compliance with the law. It contained all the essentials of a notice as specified in the statute. The time, place and cause of the injury were set out adequately. The fulness of information contained in the communication in the case at bar, covering in detail every requirement of a statutory notice, coupled with the circumstance that it was given by an attorney at law and directed to the defendant, are enough to distinguish this case from *Grebenstein* v. *Stone & Webster Engineering Co.* 209 Mass. 196, and *McNamara* v. *Boston & Maine Railroad, ante,* 506. The communication in neither of those cases conveyed any information as to the cause of the injury, and in the Grebenstein case there also was no reference to time. Not being notices either in form or substance, but being conventional letters demanding the settlement of a claim, they could not be held with any proper regard for its requirements a compliance with the statute. The only defect in the communication at bar was a failure to state that it was given as and for a statutory notice. This omission is not enough to be fatal to its efficacy as a notice, when it is sufficient in all other respects. A reasonable person naturally would infer that it was intended as a notice.

In accordance with the terms of the report, let the entry be

*Judgment for the plaintiff in the sum of $2,500.*