KATHERINE D. MERRILL vs. EDWARD W. PAIGE.
CHARLES W. MERRILL vs. SAME.

Essex.　　January 9, 1918. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Statute,* Construction, Amendment. *Snow and Ice. Notice. Husband and Wife.*

Where the provisions of certain sections of a statute are incorporated by reference into another statute and are made to apply to the cases there provided for, the sections thus incorporated are adopted with their existing amendments, although no amendments are mentioned.

St. 1913, c. 324, which amended St. 1908, c. 305, by making certain additions relating to notice to its provisions that §§ 20, 21, and 22 of R. L. c. 51, "in so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such defective condition is caused by, or consists in part of, snow or ice," and re-enacted St. 1908, c. 305, as amended, made applicable to the actions therein described the provisions of R. L. c. 51, § 21, as it had been amended, and re-enacted as amended, by St. 1912, c. 221.

The requirements of the statutes above referred to are met by a notice to the owner of a building, sent in behalf of a woman by her husband and reading as follows: "My wife fell on the sidewalk in front of a building owned by you on Market Street, Monday morning, Dec. 18, 1916, and injured herself and is now under the care of a doctor. The fall was caused by the icy condition of the sidewalk."

The above notice in writing satisfies the requirements of the statutes although it was signed by the husband in his own name and nowhere contained a statement that he signed it in behalf of his wife.

It is enough if it reasonably appears in such a notice that it is given in behalf of the injured person and it is not necessary that it should so affirm in terms.

TWO ACTIONS OF TORT, the first for personal injuries received by reason of a fall upon ice on a sidewalk in front of a building owned by the defendant caused by water collected there from a spout on the building near the sidewalk. The second action was brought by the husband of the plaintiff in the first for consequential damages. Writs dated March 14, 1917.

In the Superior Court the cases were tried together before *Sanderson,* J. The material evidence is described in the opinion. At the close of the evidence, the judge was of opinion that the notice relied on by the plaintiffs was insufficient in law. By agree-

ment of the parties, however, the cases were submitted to the jury, who found for the plaintiff in the first action in the sum of $500, and for the plaintiff in the second action in the sum of $150. The defendant thereupon moved that the verdicts be set aside, and the judge allowed the motions "upon the sole ground that as a matter of law due notice of the time, place, and cause of the injury had not been given as required by statute in the case of injuries from snow or ice," and reported the case to this court for determination, with the agreement of the parties that if the notice was or might have been found to be a legal notice the motion for a new trial should be denied and judgment entered on the verdict, and if as a matter of law due notice of the time, place and cause of the injury had not been given, judgment should be entered for the defendant.

*E. K. Arnold*, for the defendant.

*J. J. Ronan*, for the plaintiffs.

RUGG, C. J. The female plaintiff, hereafter called the wife, received injuries by falling upon ice on the sidewalk in front of a block owned by the defendant. There was evidence that this ice was caused by water collected by a spout on the building of the defendant and discharged within six or eight inches of the sidewalk, whither it flowed and froze. The defendant might have been found responsible for this condition. *Field v. Gowdy*, 199 Mass. 568.

The defendant called upon the wife on the day after her injury. There then was conversation respecting the time, place and extent of her injury. The defendant received on December 26, 1916, a communication bearing that date (signed by the husband, who is the other plaintiff), of this tenor: "Mr. Edward P. Dear Sir: — My wife fell on the sidewalk in front of a building owned by you on Market Street, Monday morning, Dec. 18, 1916, and injured herself and is now under the care of a doctor. The fall was caused by the icy condition of the sidewalk. Respectfully yours." Both plaintiffs rely upon this as a statutory notice.

It is not necessary to decide whether this would have been a sufficient notice under *Grebenstein* v. *Stone & Webster Engineering Corp.* 209 Mass. 196, and *McNamara* v. *Boston & Maine Railroad,* 216 Mass. 506, because since the decision of those cases the pertinent statute law has been changed. One receiving injury from

snow or ice upon a way adjoining premises of a landowner who
has tortiously caused it to be there, must give a written notice as
a condition precedent to any right of recovery against such land-
owner. *Baird* v. *Baptist Society*, 208 Mass. 29. It is enacted by
St. 1913, c. 324 (which is an amendment of St. 1908, c. 305,
amending R. L. c. 51, §§ 20–22, and re-enacting those sections as
amended), that "The provisions of sections twenty, twenty-one
and twenty-two of chapter fifty-one of the Revised Laws, in so far
as they relate to notices of injuries resulting from snow or ice,
shall apply" to cases like the present. There is no express refer-
ence among these words to amendments to the designated sections
occurring after the enactment of St. 1908, c. 305. Section
twenty-one, however, had been amended previous to 1913 in a
material particular by St. 1912, c. 221. The form of that
amendment was in these words: "Section 1. Section twenty-one
of chapter fifty-one of the Revised Laws, as amended by section
one of chapter one hundred and sixty-six of the acts of the year
nineteen hundred and ten, is hereby further amended by adding
at the end thereof the words: — Any form of written communica-
tion signed by the person so injured, or by some person in his
behalf, or by his executor or administrator, or by some person in
behalf of such executor or administrator, which contains the
information that the person was so injured, giving the time, place
and cause of the injury or damage, shall be considered a sufficient
notice,—so as to read as follows:—Section 21 . . . " Then fol-
lows § 21 in its complete form as amended, including both the
words theretofore composing it and those newly added by the
amendment. The section in its previous form thereafter ceased
to exist altogether as a statute. It became embodied as a
part of a new and different statute. The words of the former
statute incorporated with the modifying sentence now appended
by the amendment constitute a rectified section expressive of the
present mandate of the general court upon the subject. The
old § 21 has become a thing of the past. It has been super-
seded by a new section of the same number. The express
statement of legislative purpose is that the section shall be trans-
formed "so as to read as follows." There is no reason why that
positive affirmative declaration should not be given effect. Sec-
tion 21 became after that amendment as if originally enacted

in that phrase. It was not necessary, therefore, in enacting St. 1913, c. 324, to do more than refer to "section twenty-one" in order to make manifest a design that that section in its amended form should be applicable. For convenience of reference and to avoid confusion often reference is made to the amending act. But under the circumstances here disclosed the reference imported the section as amended respecting notice into the snow and ice statute. *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8, 17.

No discussion is required to demonstrate that the letter sent to the defendant was a written communication containing the information that the wife had suffered damages by ice with sufficient specifications as to the time, place and cause of her injury.

The notice was signed by the husband and not by the wife. There is no direct statement to the effect that it was signed by him in her behalf. It is not necessary that the notice should affirm in terms that it is given in behalf of the injured person. It is enough if this reasonably appears. Under the facts here disclosed the present signature was enough to comply with the requirements of the law. *Meniz* v. *Quissett Mill*, 216 Mass. 552, 555. *Greenstein* v. *Chick*, 187 Mass. 157.

The entry in each case, in accordance with the terms of the report, may be

*Judgment on the verdict.*