· MARY E. MALONEY *vs.* INHABITANTS OF COHASSET.

Norfolk.　　November 10, 1919. — January 5, 1920.

Present: RUGG, C. J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Way,* Public: defect.　*Notice.*　*Municipal Corporations,* Officers and agents.

A letter to one of the selectmen of a town stating that the writer had "been advised to sue" the town "for an accident which happened to me, last Saturday afternoon on Pond Street sidewalk" and containing language showing that the writer had been damaged in the accident, is a sufficient notice under R. L. c. 51, § 21, as amended by St. 1912, c. 221, § 1.

A letter from the board of selectmen to the writer of the letter above described, stating that the letter did "not enlighten the Board sufficiently" and asking "if you will kindly in writing or in person advise the Board of Selectmen the exact time and place where you received the injury you wrote about. In fact, please give the Board full information to enable them to investigate the matter," does not fulfil the provisions of R. L. c. 51, § 22, as to the counter notice required in case the notice was inaccurate and there was no intention on the part of the person injured to mislead.

TORT under R. L. c. 51, § 18, for personal injuries received on January 2, 1915, and alleged to have resulted from a defect in Pond Street in Cohasset. Writ dated June 3, 1915.

In the Superior Court the action was tried before *Hammond,* J. To satisfy the requirements of R. L. c. 51, § 21, as amended by St. 1912, c. 221, § 1, the plaintiff relied on the following letter addressed and delivered to one of the defendant's selectmen:

"Cohasset, Dec. 5th, 1914.*

Mr. Wm. O. Souther: — .

I have been advised to sue this Town of Cohasset for an accident which happened to me, last Saturday afternoon on Pond Street sidewalk; here I am and all my business at a rest and

---

* It was agreed that this letter be read as dated "Jan. 5, 1915," and the reply on the next page as dated "Jan. 8, 1915."

myself with my head cut, done up in a bandage and a sprained wrist, and a lovely black eye and my side all bruised. Mr. Souther, before I make any attempt I have concluded to write you in regards to this accident which could very easy have been avoided, but was probably overlooked, but at the same time I think your attention should be called to prevent further accidents.

Mr. Souther, I would be pleased to hear from you at once and also wishing you and your family a very happy New Year and many of them to come.

Very respectfully,

Mary E. W. Maloney,

Box 396."

The reply to this letter, referred to in the opinion, was as follows:

"Cohasset, Jan. 8, 1914.

Mrs. Mary E. W. Maloney,

Box 396, Cohasset.

Dear Madam:—Your communication to Mr. W. O. Souther, Jr., advising of injury received by you on Pond Street was brought up before the Board of Selectmen yesterday, and as your communication does not enlighten the Board sufficiently, I beg to ask if you will kindly in writing or in person advise the Board of Selectmen the exact time and place where you received the injury you write about. In fact, please give the Board full information to enable them to investigate the matter.

Yours very truly,

Edward L. Stevens,

Ass't Secretary,

Board of Selectmen, Cohasset."

At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. The statutory notice of the time, place and cause of the plaintiff's injury was not sufficient, and the verdict must be for the defendant."

The judge refused to rule as requested, and ruled that the letter of the selectmen of January 8 was not a sufficient demand for further notice under R. L. c. 51, § 22, to enable the defendant

to avail itself of an omission by the plaintiff to state in her letter dated December 5, 1914, the time, place or cause of the injury.

The jury found in answer to a special question that the accident was due to an unsafe condition of the street amounting to a defect caused in part by or consisting in part of snow or ice, and found for the plaintiff in the sum of $2,500. Both parties alleged exceptions.

R. L. c. 51, § 21, as amended by St. 1912, c. 221, § 1, is as follows: "Such notice shall be in writing, signed by the person injured or by some one in his behalf, and may be given, in the case of a county, to one of the county commissioners or the county treasurer; in the case of a city, to the mayor, the city clerk or treasurer; and in the case of a town, to one of the selectmen or to the town clerk or treasurer. If the person injured dies within the time required for giving the notice, his executor or administrator may give such notice within thirty days after his appointment. If by reason of physical or mental incapacity it is impossible for the person injured to give the notice within the time required, he may give it within ten days after such incapacity has been removed, and if he dies within said ten days his executor or administrator may give the notice within thirty days after his appointment. Any form of written communication signed by the person so injured, or by some person in his behalf, or by his executor or administrator, or by some person in behalf of such executor or administrator, which contains the information that the person was so injured, giving the time, place and cause of the injury or damage, shall be considered a sufficient notice."

*A. P. Worthen,* for the defendant.

*T. H. Buttimer,* for the plaintiff.

RUGG, C. J. This is an action of tort whereby the plaintiff seeks to recover compensation for injuries received by her while a traveller on a highway in the defendant town by reason of a defect therein "caused," as found by the jury, "in part by or consisting in part of snow or ice."

Within less than ten days after her injury, the plaintiff sent the letter, signed by her, which is set out above in full. It is plain that this was not a notice such as was required by the law before the enactment of St. 1912, c. 221. See now St. 1917,

c. 344, Part IV, § 27. *McNamara* v. *Boston & Maine Railroad*, 216 Mass. 506. *Grebenstein* v. *Stone & Webster Engineering Co.* 209 Mass. 196. A significant change was made by that statute in R. L. c. 51, § 20 (see now St. 1917, c. 344, Part IV, § 26), to the effect that "Any form of written communication signed by the person so injured . . . which contains the information that the person was so injured, giving the time, place and cause of the injury or damage, shall be considered a sufficient notice."

The notice in the case at bar must be tested by the law as amended by that statute. The communication here in question was not directed to the town. But it was addressed to a person who was one of the selectmen. Service of a sufficient notice upon a member of the board of selectmen of a town is adequate by the express terms of the statute. *McCarthy* v. *Dedham*, 188 Mass. 204.

The communication, being in writing and served on the proper officer of the town, was a sufficient notice under said c. 221. *Merrill* v. *Paige*, 229 Mass. 511.·

The written communication was inaccurate further in not stating the place of the injury, since Pond Street was a mile in length and without a sidewalk. *Gardner* v. *Weymouth*, 155 Mass. 595, 597. It is provided by R. L. c. 51, § 20, that such a "notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby." It is conceded that there was no intention on the part of the plaintiff to mislead and no actual misleading of the officers of the town. *Fuller* v. *Hyde Park*, 162 Mass. 51. It is enacted by R. L. c. 51 § 22 (see now St. 1917, c. 344, Part IV, § 28), that a town shall not avail itself in defence "of any omission to state in such notice the time, place or cause of the injury . . . unless, within five days after receipt of a notice," seasonably served, a counter notice is given calling attention to its insufficiency, and requesting written notice in compliance with the law. In the present case a letter was sent within five days after the first communication, which is set out above in full. This notice was not in compliance with the terms of said § 22 as to counter notice because it requested the plaintiff to enlighten the selectmen "in writing or in person."

A request for advice as to the exact time and place of receiving an injury either by a personal interview or in writing is not the equivalent of the request for "a written notice in compliance with the law" contemplated by said § 22. The terms of the letter sent to the plaintiff were satisfied by a conference had at the next meeting of the selectmen. While the town officers cannot waive the statutory requirement for a notice, *Gay* v. *Cambridge,* 128 Mass. 387, they are not bound under the law to demand by counter notice in all cases the more perfect notice required by § 22, if they honestly think that the interests of the municipality may be protected otherwise. The plaintiff is not to be prejudiced because they have failed to exercise their right to ask unequivocally for a new notice in writing. The plaintiff in the case at bar complied with the law as to giving notice. *Burke* v. *Lynn,* 219 Mass. 302. *Merrill* v. *Paige,* 229 Mass. 511.

R. L. c. 51, and St. 1912, c. 221, are repealed by St. 1917, c. 344, Part VIII, § 1, but the case at bar having arisen before May 26, 1917, is governed by their provisions under § 2 of said Part VIII.

Since the exceptions of the defendant must be overruled, the plaintiff is not harmed by alleged errors and waives whatever rights, if any, she might otherwise possess to have them considered.

*Defendant's exceptions overruled.*
*Plaintiff's exceptions waived.*