MARY DePRIZIO *vs.* F. W. WOOLWORTH COMPANY.

SOCCORSO DePRIZIO *vs.* SAME.

Suffolk.     May 18, 1934. — June 24, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Snow and Ice. Notice. Words,* "Premises."

Notice in writing of the time, place and cause of injuries resulting from snow or ice existing within a building was required by G. L. c. 84, § 21, in the amended form appearing in St. 1922, c. 241.

A certain notice required by G. L. c. 84, § 21, in the amended form appearing in St. 1922, c. 241, signed in the name of a husband only and describing injuries sustained by his wife, was insufficient in that it did not name nor describe the wife, nor contain any statement as to the cause of the injuries, nor assert any claim for damages for the injuries; the defects in such notice were not cured by any of the provisions of §§ 18, 19, nor was a counter notice under § 20 required in order that the addressee of the notice avail himself of the defects.

Two ACTIONS OF TORT. Writs dated May 8, 1930.

The actions were tried together in the Superior Court before *Keating*, J. Material evidence is stated in the opinion. Subject to leave reserved, verdicts for the plaintiffs in the sums, respectively, of $3,000 and $700 were recorded. Thereafter the judge ordered entered verdicts for the defendant and reported the actions for determination by this court.

The cases were argued at the bar in May, 1934, before *Rugg*, C.J., *Crosby*, *Donahue*, & *Lummus*, JJ., and afterwards were submitted on briefs to all the Justices.

*H. P. Brown*, (*P. J. Stella* with him,) for the plaintiffs.

*C. M. Pratt*, (*John J. Sullivan* with him,) for the defendant.

RUGG, C.J. The plaintiff in the first action seeks to recover damages for injuries received by her as the result of a fall while a customer in the defendant's store. Her husband brought the second action to recover consequential damages. At a trial before a jury there was a verdict for each plaintiff and thereafter the trial judge, who had reserved leave under G. L. c. 231, § 120, on the defendant's motion, ordered that a verdict be entered for the defendant in each case and reported the cases for the determination of this court. The report states that the only questions presented are whether a written notice of the time, place and cause of the injury was required and if so whether a valid notice was given in either case. By stipulation of the parties, if the judge rightly ordered a verdict to be entered for the defendant in either case, judgment is to be entered for the defendant in that case, but if the judge erred in ordering a verdict to be entered for the defendant in either case, judgment is to be entered for the plaintiff in that case in the sum found by the jury.

It appears from the evidence summarized in the report that the plaintiff in the first case, hereafter referred to simply as the plaintiff, on the forenoon of February 12, 1927, visited the store of the defendant, made some purchases in the basement and was going up a stairway leading to the first or street floor when she "slipped on a hard piece of tramped dirty snow," fell and was injured. On the day before there had been a fall of one inch of snow and on the

morning of the accident there was some snow on the street and sidewalk in front of the store. "This snow was of the soft sticky kind so that it would adhere to the feet of customers entering the store to such an extent that there was on the floor of said first floor between . . . [the] swinging entrance doors and the top of said stairway leading to the basement and upon the steps thereof patches of dirty tramped hard snow, mixed snow and dirt being carried in on the feet of customers and falling off onto the floor and said steps and being tramped upon and made hard and slippery in places." There was evidence that the precise condition which caused the plaintiff's fall had been on the stairway a considerable time and the jury were warranted in concluding that the defendant was negligent in not discovering and removing it, *White* v. *Mugar*, 280 Mass. 73, and that the plaintiff was not negligent.

The decisive question here presented is whether the statute, G. L. c. 84, § 21, as amended by St. 1922, c. 241 (see now St. 1930, c. 98; G. L. [Ter. Ed.] c. 84, § 21), applies to the foregoing facts and required the plaintiff, as a condition precedent to maintaining her action, to give to the defendant written notice of the time, place and cause of her injury. That statute provided: "The three preceding sections [which have to do with the matter of a written notice of the time, place and cause of an injury due to defects in highways], so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons founded upon the defective condition of their premises, or of adjoining ways, when caused by or consisting in part of snow or ice . . . . Such notice may be given by leaving it with the occupant of said premises, or, if there is no occupant, by posting it in a conspicuous place thereon . . . ." The language was substantially the same as the above quoted words when the statute was originally passed (St. 1908, c. 305).

The statute did not create a liability on the part of an owner of real estate for a defective condition existing thereon; that liability rests on common law principles. It manifestly put a limitation on the common law right of a person

injured through a defective condition consisting in whole or in part of snow or ice and existing on some portions at least of an owner's real estate. It required a written notice of the time, place and cause of the injury as a condition precedent to maintaining an action, whereas at common law no such notice was necessary. There are many cases where the statute has been held applicable to defective conditions existing upon the land of an owner abutting on a public way and upon the outside portions of structures thereon. The statute applies to defective conditions existing on areas which are provided for persons to walk upon, such as walks leading from a building to the street, *O'Donoughue v. Moors,* 208 Mass. 473, and outside stairways and platforms, *Paszkowski v. Stony Brook Paper Co.* 210 Mass. 86; *Erickson v. Buckley,* 230 Mass. 467; *Urban v. Simes,* 259 Mass. 336, but it is not limited to defective conditions located in areas used for foot travel. Within the compass of the statute there is a defective condition on the roof of a building if snow or ice there collects which later falls and strikes a passerby. *Baird v. Baptist Society,* 208 Mass. 29. *Tobin v. Taintor,* 229 Mass. 174. *O'Neil v. Squire,* 230 Mass. 294. See also *Wood v. Oxford,* 290 Mass. 388. There has been no case deciding that the statutory requirement of notice as a condition precedent to maintaining an action applies to a defective condition caused by or consisting wholly of snow or ice existing inside a building. That question is here presented. The answer depends upon the construction to be given to the statute. The crucial point is whether the word "premises" in the governing statute already quoted refers only to that which lies out of doors and exposed to the weather, or whether it comprises the inside as well as the outside of buildings. Naturally, the first thought respecting snow or ice is that it lies in the open air. But the right to recover damages of a landowner because of his negligence in maintaining snow and ice where he is bound to anticipate that people may be walking is not confined to places in the open air. The case at bar is illustrative of the breadth of the landowner's liability for negligence in that particular. It is quite conceivable that actions

might be sustained against municipalities for injuries sustained by reason of defects in public ways, dependent in part upon snow and ice (*Newton* v. *Worcester*, 169 Mass. 516; *S. C.* 174 Mass. 181) at places not exposed to the weather, and where snow or moisture had been tracked by travellers, as for example, in underpasses, in tunnels and in covered bridges. "Premises" is a word of somewhat varied signification dependent upon its context and the object to which it is applied. *Old South Association* v. *Codman,* 211 Mass. 211, 216. *Urban* v. *Simes,* 259 Mass. 336. *Wadman* v. *Boudreau,* 270 Mass. 198, 202. The decisions already cited show that in this statute it embraces both land and the outside of buildings. It even includes the roofs of buildings. Confessedly it has that breadth of meaning. It would be difficult to frame a sound line of distinction which would exclude from the operation of the statute snow or ice on the interior of buildings. As matter of correct statutory interpretation, we think that no such discrimination can be made between the outside and the inside of buildings. The statute deals with snow and ice. It covers both land and buildings. It imposes no limitations upon the cause of the presence of the snow or ice. It describes no place where the snow and ice must be. The natural implication is that it applies to all snow and ice made the basis of action, whether inside or outside the building and whether of natural or artificial origin. It follows in the opinion of a majority of the court that it was necessary for the plaintiff to give a notice such as is required by the statute as a condition precedent for maintaining an action for injuries caused by snow or ice.

The statutory requirement is that notice in writing must be given to the defendant within thirty days after the injury, stating the time, place and cause of the injury. "Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled." "Any form of written communication signed by the person so injured, or by some person in his behalf . . .

shall be considered a sufficient notice." G. L. (Ter. Ed.) c. 84, §§ 18, 19. It is also provided by G. L. (Ter. Ed.) c. 84, § 20, that a "defendant shall not avail himself in defence of any omission to state in such notice the time, place or cause of the injury . . . unless, within five days after receipt of a notice, given within the time required by law and by an authorized person referring to the injuries sustained and claiming damages therefor, the person receiving such notice" gives a counter notice in writing of the insufficiency of the notice given and requesting forthwith a notice in compliance with law.

The plaintiff was injured on February 12, 1927. On February 15, 1927, a letter, written at the request and in the presence of the plaintiff and her husband and signed in the name of the husband by a son-in-law, was mailed to the defendant and received by it in due course of mail. This letter was put in evidence. The body of the letter was in these words: "Just a few lines to tell you what has happened and I hope that you will at least help us on the Doctor Bills as my Mother unfortunately fell on the steps of the basement of your store at *Scollay Square* of the Woolworth 5 and 10c store Feb. 12 in the forenoon and from a brews it has turned out into a very serious case and may have to have an operation but I hope not. The Doctor says that her leg is in bad shape and may turn to blood poisoning. All I ask is please do your best and help her as she has a large family. if you want to inform yourself you may call on Dr. Nauen No. 773 Broadway, Som. (Tel Somerset 1643)."

This letter is quite informal. It purports to convey information to the defendant concerning an injury to one designated as "my Mother" by the person whose name is appended to the letter. That does not describe the plaintiff because she was not the mother but the wife of the person whose name was signed to the letter by his son-in-law. The plaintiff is not named or described in the letter, and she did not sign it. Without evidence outside the letter, it is impossible to know who was the person injured. The letter contains no statement whatever as to the cause of the injury. It does not mention snow, or ice,

or any other defect in the store or steps of the defendant. Reasonably interpreted, the letter makes no claim for damages for the injuries sustained.  It goes no further than to express a hope or desire that the defendant will make some contribution toward the medical expenses ensuing from the injury.

We have gone far in upholding informal notices in view of the terms of the statute.  *Merrill* v. *Paige*, 229 Mass. 511.  *Maloney* v. *Cohasset*, 234 Mass. 284.  The defects in the present alleged notice are so glaring as to render it insufficient and not within any of the curative clauses of the statute.  It does not name or describe the plaintiff; it does not state any cause of the injuries; it does not make any claim for damages.  It did not require a counter notice from the defendant.  It did not "show, when fairly construed, that it is intended as the foundation of that kind of a right of action to which a notice is a condition precedent."  *Meniz* v. *Quissett Mill*, 216 Mass. 552, 555.  *Chertok* v. *Dix*, 222 Mass. 226, 227.  *O'Flaherty* v. *Cunard Steamship Co. Ltd.* 281 Mass. 447, 451.  The alleged notice did not mention or indicate the plaintiff.  It was "not signed by the plaintiff and did not purport to be signed on behalf of anyone who could be identified without extrinsic inquiry." This was fatal to the validity of the notice.  *Roland* v. *Kilroy*, 282 Mass. 87, 91.  The case on the notice falls within the class illustrated by *Brown* v. *Winthrop*, 275 Mass. 43, and is distinguishable from cases like *Merrill* v. *Paige*, 229 Mass. 511.

For the reasons already stated the letter fails as a notice in behalf of the husband as plaintiff.

In accordance with the terms of the report and pursuant to stipulation of the parties, judgment is to be entered for the defendant in each case.

*So ordered.*