Carr, J.
This is an action to recover for injuries due to an accumulation of snow and ice. It is agreed that the plaintiff Mary A. Goff was injured and that if she may *28 recover, the judgment shall be for the sum of $1,200.00. No question is raised as to the facts and evidence set forth in the report and recovery depends entirely on whether the notice, Exhibit 1, was sufficient in both form and substance to satisfy the requirements of § 21 of c. 84 of the General Laws (Ter. Ed.). The court ruled in substance that the notice was not sufficient.
This appeal relates only to the plaintiff Mary A. Goff.
After the original arguments in the case the report was remanded to the trial judge for a finding of further facts and in response he found that “The name John F. Goff appearing on Exhibit 1 opposite the words ‘give names and addresses of all witnesses’ was written there by said John F. Goff as his signature to the exhibit and in behalf of the plaintiff Mary A. Goff.”
The statute law involved is found in G. L. (Ter. Ed.) c. 84, §§ 18, 19 and 21 as amended by c. 114 of the Acts of 1933.
The defendant contends that the notice was insufficient as to form. It appears that the defendant talked with both John F. Goff and his wife, the plaintiff, Mary A. Goff, about the injuries sustained by Mrs. Goff; the defendant told them that she had some blanks which should be filled out for the insurance company and that she would bring one of these to Mr. and Mrs. Goff. A few days later she did deliver one of the blanks to them. It was headed “Report of Accident” but was not addressed to any insurance company. It was an excellent form on which to communicate the facts of the accident to the defendant. Mr. and Mrs. Goff and the defendant being present, Mr. Goff filled out the blank in the presence of his wife and of the defendant, signed it and delivered it to the defendant. The wording of the numbered lines was not followed exactly but where they *29 were useful; Mr. Goff signed opposite words relating to witnesses.
Old cases like McNamara v. Boston & Maine Railroad, 216 Mass. 506 and 507, and Grebenstein v. Stone & Webster Engineering Corp., 209 Mass. 196, 197 relating to injuries sustained before 1912 and holding certain informal notices insufficient are no longer binding. Between these two decisions the Legislature passed chapter 221 Acts of 1912 adding to the existing statute, now section 19 of said chapter 84, the provision that “any form of written communication” duly signed and containing the required information shall be sufficient. The communication no longer had to be a technical notice and apparently obviated the need if it ever existed of openly threatening action etc. as described in Meniz v. Quissett Mill, 216 Mass. 552, 555; Merrill v. Paige, 229 Mass. 511, 512; Stefani v. Freshman, 232 Mass. 354, 357; Maloney v. Cohasset, 234 Mass. 284, 287; Guthrie v. J. J. Newberry Co., 297 Mass. 245, 247.
The defendant also argued that the plaintiff’s notice was insufficient in substance.
A distinction must be made between what must be contained in the original notice to get by and what must be supplied by subsequent communication on request from the defendant (sec. 20). Thus where the original notice is insufficient due to omission if the defendant gives the requisite counter notice, the plaintiff must supply the required facts or the whole notice will be bad. Brown v. Winthrop, 275 Mass. 43; King v. Boston, 300 Mass. 377, 379.
The statute provides an escape from inaccuracy on the plaintiff showing no intent to mislead and that the defendant was not mislead (sec. 18) and from omissions if required by the defendant, by subsequent notice supplying the omission; the defendant not being allowed to take advantage of the omissions if he does not give, the counter notice.
*30 Thus where the original notice contains inaccuracies as to facts required by the statute the notice shall not be invalid if it is shown that there was no intent to mislead and defendant was not mislead and where the notice omits to state such facts the defendant shall not avail himself of such omissions unless the person receiving such notice notifies the person injured that his notice is insufficient because it fails to state the required facts and requests a written notice in compliance with law. G. L. (Ter. Ed.) c. 84, §§ 18 and 20; Blanchard v. Stone’s, Inc., 304 Mass. 634, 637, 638; Hebb v. Gould, 314 Mass. 10.
The case of Pecorelli v. Worcester, 307 Mass. 425, appears to mean that if the notice of the injured person states no cause of action (cause of injury) it is a curable omission but that if it states something that is no cause of action it is not an omission but an inaccuracy which may be excused by showing no intent to deceive and no deception. Merrill v. Springfield, 284 Mass. 260, 262, where an ineffectual statement of cause of injury was held an omission and not an inaccuracy. Hebb v. Gould, 314 Mass. 10.
If in the pending case there is an omission of any required fact it is immaterial as parties have agreed that no counter notice was given by defendant to plaintiff and if there is any inaccuracy it also is immaterial as parties have agreed that there was no intention to mislead and that the defendant was not mislead.
The main issue in the case is on the question whether the notice was signed in behalf of the plaintiff. On re-committal the trial judge found that John F. Goff, husband of the plaintiff, signed the notice in her behalf. At the re-argument the defendant did not contend that the finding was not warranted on evidence but relied on her original contention that the answer to the question must be found within the instrument itself.
*31 The sections relating to notice says' only “signed by the persons injured or by some one in his behalf.” There is nothing in the sections prescribing the form of signature nor requiring that proof of agency be confined to what is contained within the notice itself. All the statute requires is that authority exist.
Except in certain limited situations where some special kind of proof is required, parol evidence is admissible to show agency. See Meecham on Agency, 260, 261, 274, 291. The decisions on the subject of notice do not limit proof to the extent contended by the defendant.
In Carberry v. Sharon, 166 Mass. 32, it was held that it is not necessary that (the notice) should say in express terms that it is signed in behalf of the plaintiff, if that can be gathered from its terms. In Higgins v. North Andover, 168 Mass. 251, where the notice read “I hereby give notice that I hold the town responsible for serious injury sustained by my wife, Susie,” the court held that it is not the necessary meaning of these words that he holds the town responsible to himself. The situation of the parties may be taken into account in determining the meaning of the terms of such a notice, as well as those of a deed or other written instrument. It is both proper and usual for a husband to act as the protector of the rights of his wife, and he is commonly her agent. The court considered the facts that the plaintiff and her husband lived in a small town distant from'persons skilled in drawing notices, that plaintiff was helpless in bed requiring constant attendance of her husband, etc.
In Meniz v. Quissett Mill, 216 Mass. 552, 555, the notice was signed by a lawyer. The court considered evidence that the plaintiff had given the lawyer a power of attorney saying, p. 555, “It is not necessary that the notice should state expressly that it is signed in behalf of the plaintiff if such intent reasonably can be inferred from its words.”
*32 In Merrill v. Paige, 229 Mass. 511, the letter addressed to the defendant stated “My wife fell on the sidewalk” etc., and was signed “Respectfully yours” with the husband’s name. The court considered evidence similar to that in the pending case that the defendant called upon the wife on the day after the injury and that there was conversation respecting the time, place and extent of her injury and obviously had evidence that the injured party and the signer were husband and wife for it is inconceivable that the defendant was bound by the statement in the letter that persons were husband and wife. It concluded that “It is not necessary that the notice should affirm in terms that it is given in behalf of the injured person. It is enough if this reasonably appears.”
In the case of DePrizio v. F. W. Woolworth Co., 291 Mass. 143, evidence was considered tending to show that a son-in-law signed the name of the plaintiff’s husband to the notice. It held that “my mother” did not describe the plaintiff because she was not the mother but the wife of the person whose name was signed to the letter by his son-in-law. If the law permits evidence of the status of the signer of the notice to show lack of agency, it must permit evidence of status to show existence of agency.
The defendant, in support of her contention that the answer to question whether the notice was signed in behalf of the plaintiff must be found within the document, relied on the case of Roland v. Kilroy, 282 Mass. 87. In that case, however, the only notice in writing given within the time limit omitted the name of the person injured. The court held the notice bad as it was “not signed by the plaintiff and did not purport to be signed on behalf of any one who could be identified without extrinsic inquiry.” It was the injured person who could not be identified without extrinsic evidence. The defendant also relied on DePrizio v. F. W. *33 Woolworth Co., 291 Mass. 143, where the situation was the same.
It should be noted that the accident in each of these cases happened before April 6,1933. It should also be noted that the decision in the Eoland case was sent down on February 11, 1933 and that almost immediately thereafter by Legislative Act, 1933, chapter 114, approved April 6, 1933 (now found in sec. 20 of said chapter 84) the law was amended so that a defendant shall not avail himself of any omission to state the name and place of residence of the person injured unless he takes advantage of it by giving the five days notice under section 20.
The case of Rankin v. Wordell & McGuire Co., 254 Mass. 109, on which the defendant relies is of no value on this subject. Obviously the oral notices in evidence were not effective. When, however, the opinion refers to written notice, it is referring to something that did not exist for an inspection of the original records of the case shows that such notice though described was not put in evidence.
The notice is no longer sacrosanct. As the statutes have been amended year after year much that is omitted from the original notice but not challenged by the defendant’s counter notice, must be shown by evidence. To mention only one item, — where the name and place of residence of the injured party is omitted, it must be supplied by evidence to show who the signer of the notice is or for whom the signer is acting.
It follows, in our opinion, that the trial judge was warranted in finding that John F. Goff signed the notice (Exhibit 1) in behalf of his wife, the plaintiff, Mary A. Goff. It also follows that the notice was sufficient as to form and that if (without so concluding) there were any omissions or inaccuracies in substance, the defendant cannot take advantage of them.
*34 Consequently the following order is made: — Finding for the defendant vacated. Judgment to be entered for the plaintiff in accordance with the stipulations of the parties in the sum of $1200.00.