EDITH E. HEBB *vs.* NATHAN GOULD.

Worcester. April 8, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Snow and Ice. Notice. Landlord and Tenant,* Snow and ice, Common stairway, Landlord's liability to tenant or his family or his invitee. *Negligence,* One owning or controlling real estate, Contributory.

It would have been error to rule, in an action against the owner of an apartment house for injuries sustained by slipping on ice on an open rear stairway, that the plaintiff, wife of a tenant, was precluded from recovery because of the character of a notice given under G. L. (Ter. Ed.) c. 84, § 21, which in substance read: "On behalf of . . . [the wife]," your tenant at" a stated address, which was that of the apartment house, a claim was made for injuries received at "about" a stated hour on a certain day because of "a slippery foreign substance" on "the back piazza stairway" which "is your property," especially where no counter notice was given under § 20 as amended and there was evidence that there was no intention to mislead and the defendant was not in fact misled by any inaccuracy in the notice within § 18 as amended.

No variance appeared in proof of personal injuries sustained from a fall on ice where a notice under § 21 of G. L. (Ter. Ed.) c. 84 and the declaration stated that the fall was on a "slippery foreign substance."

A finding for the plaintiff, in an action by the wife of a tenant at will of an apartment in a building owned by the defendant, for personal injuries sustained when she fell on ice on a common outside stairway in the control of the defendant, was warranted by evidence that when the plaintiff's husband hired the apartment the defendant promised "janitor service to . . . clean the stairs," and that the ice in a "bumpy" condition resulted from trampled snow and had been upon the stairs for four or five days.

The mere fact that a plaintiff, injured by slipping on ice on outside stairs leading from an apartment house, saw their icy condition before starting to descend them, did not require a ruling that she was guilty of contributory negligence.

TORT. Writ in the Superior Court dated July 16, 1940.

The case was tried before *Swift*, J., who ordered a verdict for the defendant and reported the case for determination by this court, the parties agreeing that, if there was error in ordering the verdict, judgment was to be entered for the plaintiff in the sum of $1,000.

*J. J. McGrail*, for the plaintiff.

*F. P. Ryan*, for the defendant.

LUMMUS, J. In this action of tort for personal injuries brought by the wife of a tenant at will of one of sixteen apartments in a building owned by the defendant, there was evidence of the following facts. The defendant was in control of the stairways. The plaintiff lived on the third floor. On February 26, 1940, having occasion to go to a store, she put on her winter clothes and overshoes. While going down an open back stairway from a porch at the level of the second floor to the ground, she slipped on "snow that was compressed into ice" on the stairs, and fell down stairs and was hurt. The ice was "bumpy" ice. The ice came from "an accumulation of snow which had not been shovelled and had been trampled down," in some places two inches thick. Both flights down which she walked had the ice upon them. The defendant had in his employ a janitor for the building, who "had to do with keeping the stairway in that building clean." For four or five days before the accident the stairway was in the same

condition, but the janitor chopped the ice away shortly after the accident. When the plaintiff's husband hired the apartment, the landlord promised "janitor service to take away the garbage and rubbish and clean the stairs."

The body of a notice dated February 29, 1940, addressed to the defendant, read as follows: "On behalf of Edith E. Hebb, your tenant at #6 Hawley Street, I am hereby respectfully making claim for personal injuries received February 26, 1940 at about four p.m. o'clock, while she was rightfully and carefully descending the back piazza stairway from the first floor to the street level. This stairway is your property and rightfully used by your tenant. The horizontal parts of the stairway and other parts were covered with a slippery foreign substance, and were in a dangerous condition, making the whole stairway defective. I should be pleased to discuss this claim with you or with your insurance representative or lawyer, if you will kindly make an appointment."

The judge directed a verdict for the defendant, subject to an exception by the plaintiff. He then reported the case, and the parties stipulated that if he was in error judgment should be entered for the plaintiff in the sum of $1,000.

General Laws (Ter. Ed.) c. 84, § 21, requires a notice as a preliminary to any "actions against persons founded upon the defective condition of their premises . . . when caused by or consisting in part of snow or ice." The notice must be "notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage"; and "such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the name or place of residence of the person injured, or the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby." § 18, as amended by St. 1933, c. 114, § 1. By § 19 as amended by St. 1933, c. 114, § 2, "such notice shall be in writing, signed by the person injured or by some one in his behalf." The record does not affirmatively show by whom the notice was signed,

nor that it was signed by anyone, but the defendant does not raise the point. We infer that it was signed by an authorized person, and that the signature was omitted from the record by inadvertence. By § 20 as amended by St. 1939, c. 147, "A defendant shall not avail himself in defence of any omission to state in such notice the name or place of residence of the person injured, or the time, place or cause of the injury or damage, unless, within five days after receipt of a notice, given within the time required by law and by an authorized person referring to the injuries sustained and claiming damages therefor, the person receiving such notice, or some person in his behalf, notifies in writing the person injured, his executor or administrator, or the person giving or serving such notice in his behalf, that his notice is insufficient because it fails to state the name or place of residence of the person injured, or the time, place or cause of the injury or damage, as the case may be, and requests forthwith a written notice in compliance with law."

The words "Edith E. Hebb, your tenant at #6 Hawley Street" sufficiently stated the name and place of residence of the plaintiff. The notice was addressed to the defendant at "76 Merrick Street, Worcester, Massachusetts." The time stated in the notice, "February 26, 1940 at about four p.m. o'clock," was sufficiently definite. So was the place, "the back piazza stairway from the first floor to the street level," when coupled with the description of the plaintiff as "your tenant at #6 Hawley Street" and the reference to the stairway as "your property." The cause of the injury was stated as follows: "The horizontal parts of the stairway and other parts were covered with a slippery foreign substance, and were in a dangerous condition, making the whole stairway defective." Ice formed from snow was certainly a "slippery foreign substance," and proof of injury from snow and ice was not a variance, although the declaration used only these same words in describing the condition of the stairs. Since the statute required notice only when snow and ice were the cause of the defective condition, the giving of the notice itself pointed to snow and

ice. But if the failure specifically to mention snow and ice by name be treated as an "omission," there was no counter notice. If it be treated as an "inaccuracy," there was evidence that shortly after the accident the plaintiff told the defendant about the accident, and later on the same day the plaintiff's husband asked the defendant why the ice was not cleaned off the stairs, and the defendant answered that the janitor was then cleaning it off. On this evidence, it could have been found that "there was no intention to mislead and that the party entitled to notice was not in fact misled" by the notice. It could not have been ruled that the plaintiff as matter of law could not prevail because of defects in the notice.

The case is governed on the merits by *Erickson* v. *Buckley*, 230 Mass. 467, which was an action by the wife of a tenant from month to month, having no written lease, in an apartment house to recover for personal injuries suffered by a fall upon ice on the outside steps. The court said (page 470), "We are of opinion the evidence offered by the plaintiff was ample to warrant a finding that the defendant had taken upon himself the duty of taking care of the platform and stairs and of clearing ice and snow therefrom; that ice had formed upon the edge of the platform and stairs during the day preceding the plaintiff's accident and that the janitor, whose duty it was to keep the sidewalk clear of snow and ice, negligently failed to notice the ice or to do anything to remedy the slipperiness of the steps and platform." In *Nash* v. *Webber*, 204 Mass. 419, the plaintiff was the daughter of the lessee of an apartment, and the lessor, the defendant, had covenanted that he would "keep neat and clean the common stairs in the building," on which the plaintiff was hurt because of the presence of snow and ice on the stairs. It was held that a verdict for the defendant ought not to have been directed, and it was said (page 421) that "The plaintiff has the same and only the same rights to maintain her action against the defendant that her mother would have under similar circumstances." In *Martin* v. *Rich*, 288 Mass. 437, 439, it was not doubted that a tenant could recover for a fall upon oil on a common

stairway if the landlord had undertaken for consideration to keep the stairway clean, but recovery was denied because the undertaking was gratuitous and also because there was no evidence of negligence in not removing the oil. See also *Boulton* v. *Dorrington*, 302 Mass. 407, 408; *Allan* v. *Essanee, Inc.* 309 Mass. 1, 2; *McNeill* v. *Home Savings Bank*, 313 Mass. 664.

The case is to be distinguished from cases holding that a landlord in the absence of contract owes no duty to remove from common stairways snow or ice or other things for the presence of which he is not responsible, *Smolesky* v. *Kotler*, 270 Mass. 32; *Rogers* v. *Dudley Realty Corp.* 301 Mass. 104, 106; *Boulton* v. *Dorrington*, 302 Mass. 407; *Bacon* v. *Jaques*, 312 Mass. 371, 373; *McNeill* v. *Home Savings Bank*, 313 Mass. 664; and also from those denying liability where the assumption of the task of keeping the stairways clean was gratuitous, *Bell* v. *Siegel*, 242 Mass. 380, 382; and not part of the contract of letting, as it was in *Erickson* v. *Buckley* and *Nash* v. *Webber, supra.*

It could not properly have been ruled as matter of law that the plaintiff was guilty of contributory negligence. Although the plaintiff saw the icy condition of the stairs, the question of her due care was one of fact. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50. *Mello* v. *Peabody*, 305 Mass. 373, 374, 375.

In accordance with the terms of the stipulation, judgment is to be entered for the plaintiff for $1,000.

*So ordered.*