MARY A. GOFF & another *vs.* ANNA HICKSON.

Suffolk. April 7, 1948. — April 30, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Snow and Ice. Notice.*

A notice upon a blank furnished by the owner of a building, entitled "Report of Accident," purporting in its first line to be a report by the owner, which was seasonably made out, by the husband of a woman injured from slipping on a sidewalk on ice caused by drippings from an improperly constructed overhanging bay window of the building, after a conversation with the owner and in the presence of the wife and the owner, and thereupon was signed by the husband in his name in behalf of the wife and delivered to the owner, and which correctly stated the name and address of the wife as the injured person and the time and place of the accident and set forth that she slipped on the sidewalk due to its icy condition, satisfied the requirements of G. L. (Ter. Ed.) c. 84, §§ 18, 19, 20 as amended, and 21, although there was no categorical statement in the notice that it was given in behalf of the wife or that damages were claimed.

TORT. Writ in the Municipal Court of the City of Boston dated August 14, 1946.

The case was heard by *Donovan*, J.

*J. B. Sullivan*, for the defendant.

*John S. Stone*, (*T. C. O'Brien & J. E. Keefe, Jr.*, with him,) for the plaintiff Mary A. Goff.

DOLAN, J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff Mary A. Goff as a result of falling on an accumulation of ice on the sidewalk adjoining premises owned and controlled by the defendant. The ice is alleged to have been formed by rain water and melting snow dripping from an improperly constructed overhanging bay window on the defendant's premises. John F. Goff, the husband of the plaintiff Mary, joins in the action as party plaintiff seeking consequential damages (G. L. [Ter. Ed.] c. 231, § 4A). The action was commenced in the Municipal Court of the City of Boston.

At the hearing of the case the only issue raised was whether the "so called" notice of the time, place and cause of the injuries given to the defendant was sufficient to satisfy the requirements of G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1; and § 21.

Material facts contained in the report of the trial judge as amended follow. The accident occurred on February 28, 1946. On March 1, 1946, the defendant talked with both of the plaintiffs about the injuries sustained by the plaintiff Mary, hereinafter referred to as Mrs. Goff. The defendant told them that she was insured against accidents and had some blanks which should be filled out for the insurance company and that she would bring one of these blanks to the plaintiffs. On the same day she delivered one of the blanks to the plaintiffs. The blank was filled out by the plaintiff John (hereinafter referred to as Mr. Goff) in the presence of his wife, and in that of the defendant, and was delivered by him to the defendant in the presence of Mrs. Goff.

The blank (exhibit 1) is entitled "Report of Accident." It purports in the first line to be that of "Mrs. Anna Hickson" (the defendant). It sets forth the time of the accident as 7:30 A.M., February 28, 1946, the name (Mary A. Goff), employment and age of the person injured, her address as "294 Bunker Hill St. Chas'n," the place of the accident as "In sidewalk of 294 Bunker Hill St.," the manner of its occurrence, "slipped on sidewalk," the result, a broken wrist, the hospital to which the injured person was taken, the probable length of disability, the medical attention given, the name and address of the doctor by whom she was treated, and a statement made by her, "That due to the icy condition of the sidewalk she slipped and fell breaking her wrist." Under the caption "Give names and addresses of all witnesses" appears the signature "Mr. John F. Goff" followed by the address in writing "294 Bunker Hill St. Chas'n." No counter notice was given by the defendant. The judge found that the name John F. Goff appearing on the form opposite the words "Give names and addresses of all witnesses" was written there by Mr. Goff as his signa-

ture thereto and in behalf of Mrs. Goff.[1]   The judge also found that counsel for the parties agreed that the plaintiffs did not intend to mislead the defendant and that she was in no way misled by the notice.

The judge denied the request of the plaintiffs for a ruling (No. 6) that "The notice, exhibit 1, was sufficient in both form and substance to satisfy the requirements of § 21 of c. 84 of the General Laws," found as a fact "that neither of the plaintiffs ever gave to the defendant a written notice of the time, place and cause of the injuries sustained by the plaintiff, Mary A. Goff, as required by statute," and found for the defendant.   The plaintiffs claiming to be aggrieved, the judge reported his action to the Appellate Division.   The judge also reported that the parties had stipulated that if he had erred in denying the request for ruling numbered 6, and it is held that the notice was sufficient to satisfy the requirements of G. L. (Ter. Ed.) c. 84, §§ 18, 21, judgment may be entered for the plaintiff Mary A. Goff in the sum of $1,200, and that the finding for the defendant as to the plaintiff John F. Goff is to stand.

The Appellate Division ordered that the finding for the defendant as to Mrs. Goff be vacated; that judgment be entered for her in the sum of $1,200, and that the finding for the defendant as to Mr. Goff stand in accordance with the stipulation of the parties.   The defendant appealed.

The contention of the defendant is that the notice is insufficient in form and substance to satisfy the requirements of G. L. (Ter. Ed.) c. 84, §§ 18, 19, 21.   In support of this contention the defendant asserts that the notice was not signed by Mrs. Goff, that it does not show that it was signed in her behalf, that it contains no claim for damages, that it purports to be the report of the defendant, and that it alleges neither an artificial accumulation of snow or ice nor a defect in the defendant's premises.

The statutes governing the circumstances of the present case are to be found in G. L. (Ter. Ed.) c. 84, §§ 18, 19, 20,

---

[1] This particular finding was made by the judge after his original report had been recommitted by the Appellate Division.   The order of recommitment is not set out in the record.

as amended, and § 21. Those statutes, so far as here material, provide that notice shall be given of the name and place of residence of the person injured and the time, place and cause of said injury or damage; that the notice shall not be invalid or insufficient by reason of any inaccuracy in stating the name or place of residence of the person injured, or the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby; that the notice shall be in writing signed by the person injured or by some one in his behalf; that any form of written communication so signed which contains the information that the person was so injured, giving the name and place of residence of the person injured and the time, place and cause of the injury or damage, shall be considered a sufficient notice; that §§ 18, 19, and 20 shall, in so far as they relate to notices of injuries resulting from snow or ice (§ 21), apply to actions against persons founded upon the defective condition of their premises or of adjoining ways when caused by or consisting in part of snow or ice; that notice within thirty days after the injuries shall be sufficient, except in certain circumstances not here present; and that no such notice shall be invalid by reason of any inaccuracy or misstatement in respect to the name of the owner, if it appears that such error was made in good faith and did not prevent or unreasonably delay the owner from receiving actual notice of the injury and of the contention that it occurred from the defective condition of his premises or of a way adjoining the same.

In the instant case the judge has found that the notice was in fact signed by Mr. Goff in behalf of his wife, the injured person. Since the evidence supports that finding it must stand. It was not necessary that the notice should affirm in terms that it was given in behalf of the injured person. It is enough if that reasonably appears. *Merrill* v. *Paige*, 229 Mass. 511, 514. In the present case, as in that just cited, prior to the giving of written notice Mrs. Goff and her husband talked with the defendant concerning the accident and the extent of Mrs. Goff's injury. It could be

gathered from the terms of the notice, the form for which was furnished by the defendant and completed in her presence, that the notice was given by Mr. Goff in behalf of his wife. *Meniz* v. *Quissett Mill*, 216 Mass. 552, 555. There is nothing in the defendant's contention that it is required that the notice contain a claim for damages. It is not required that the notice contain a threat of action. *Stefani* v. *Freshman*, 232 Mass. 354, 357. See *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245, 247. The notice set forth the name and place of residence of Mrs. Goff, the time, the place where the accident occurred, the name of the defendant, and that the accident happened when Mrs. Goff slipped on the sidewalk because of its icy condition. The statement that the cause was the icy condition of the sidewalk in front of the defendant's premises was a sufficient statement of the cause. *Hebb* v. *Gould*, 314 Mass. 10, 12–14.

> *Order of Appellate Division affirmed.*