WILLIAM F. LAPLANTE *vs.* FRANCIS F. MAGUIRE & another.

Berkshire.    September 20, 1949. — December 6, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Practice, Civil,* Exceptions: whether error harmful.  *Error,* Whether harmful.  *Evidence,* Admissions and confessions, Of speed.

In an action by the owner and operator of an automobile against the respective operators of two other automobiles, for personal injuries and property damage sustained when the plaintiff's automobile collided with the automobile of one of the defendants, suddenly stopped in front of him, and the automobile of the second defendant then collided with the plaintiff's automobile from the rear, where there was a verdict for the first defendant and the plaintiff recovered a verdict against the second defendant, an exception by the plaintiff to the exclusion of a question which bore only on the extent of injury sustained by the plaintiff was overruled since the issue of damages was not raised by the bill of exceptions; and exceptions by the plaintiff respecting evidence bearing only upon liability of the second defendant also were overruled.

At the trial of an action for injuries sustained in a collision of several automobiles, testimony that the plaintiff had said that he did not believe any of the automobiles was going "too fast" properly was admitted as an admission by him.

TORT.    Writ in the Superior Court dated June 27, 1947.

The action was tried before *Beaudreau,* J.

*W. J. Donovan,* for the plaintiff.

*J. M. Rosenthal,* (*W. E. Reilly* with him,) for the defendant Maguire.

LUMMUS, J.    The plaintiff joined two independent operators of automobiles as defendants in an action of tort to recover for personal injuries and damage to his automobile, as permitted by G. L. (Ter. Ed.) c. 231, § 4A, inserted by St. 1943, c. 350, § 1.  *Goff* v. *Hickson,* 322 Mass. 655.  The plaintiff recovered against the defendant Joseph R. Lamothe for both personal injuries and property damage.  The defendant Maguire had a verdict in his favor.  The plaintiff alleged exceptions, which relate wholly to questions of evidence.

The evidence for the plaintiff may be summarized as follows. He was operating his automobile in front of that of Lamothe and behind that of Maguire, at about thirty or thirty-five miles an hour. Maguire suddenly stopped, his automobile was hit by the plaintiff's, and the plaintiff's automobile was hit by Lamothe's. Maguire testified that he was compelled to stop suddenly to avoid hitting a dog which suddenly ran into the road. This was his defence against a charge of negligence, and it was successful before the jury.

1. The bill of exceptions purports to set forth an objection and exception to a question asked in cross-examination by the counsel for the defendant Lamothe as to a part of a written statement given by the plaintiff's wife to an adjuster for the insurer of Lamothe, the subject matter of which question bore only on the extent of injury sustained by the plaintiff. The plaintiff's contention seeks to raise an immaterial issue, since no question of damages is raised. This exception cannot be sustained.

2. The defendant Lamothe, against whom the plaintiff obtained verdicts, called as a witness one Bruno, a State police officer, who testified that after the accident the Maguire automobile and the LaPlante automobile were "headed east approximately in the center of the right lane headed east, and the LaPlante car had struck the car ahead, or the Maguire car." On cross-examination by counsel for the defendant Maguire, Bruno testified that he and Maguire were standing alongside the plaintiff's automobile, three or four feet away from it, when Maguire told the witness how the accident happened. Lamothe was not within hearing, and the judge said, subject to the exception of the plaintiff, that what Maguire said would not affect the absent Lamothe. To that ruling the plaintiff excepted. What Maguire said was that his automobile was travelling easterly at about thirty-five to forty miles an hour, and he saw some dogs in the road, which left the road, but jumped into the road again, so that he made a very sudden stop and was struck

by an automobile in the rear. The exception does not appear to be to this testimony, but to the ruling of the judge that it would not affect Lamothe. The plaintiff was not harmed by the ruling that it would not affect Lamothe, for he obtained verdicts against Lamothe.

3. The defendant Lamothe was allowed, subject to the plaintiff's exception, to testify that when he saw the plaintiff's automobile run into the back of the Maguire automobile, he swerved to the right as quickly as he was physically able to do. This exception became immaterial when the plaintiff obtained verdicts against the defendant Lamothe.

4. An adjuster for the insurance company that insured Lamothe testified for Lamothe that he had a talk with the plaintiff in which the plaintiff said that "he didn't believe any of them were going too fast." The plaintiff excepted to the refusal of the judge to strike out the characterization "too fast." This exception cannot be sustained, for the statement of the plaintiff was admissible as an admission by him. The cases to the effect that testimony in such indefinite form is not competent upon the issue of negligence or due care are not in point. *Selibedea* v. *Worcester Consolidated Street Railway*, 223 Mass. 76, 79. *Whalen* v. *Mutrie*, 247 Mass. 316, 318. *Marcienowski* v. *Sanders*, 252 Mass. 65, 67. *Tamagno* v. *Conley*, 322 Mass. 218, 219.

5. Officer McGrail, a State police officer called by Maguire, testified that Maguire told him that he was going twenty-five or thirty miles an hour and stopped gradually to avoid two dogs on the road and then came to a quick stop. Maguire testified that Lamothe asked him, "Why didn't you kill the dog?" To the admission of this testimony the plaintiff excepted. It seems that this evidence did not harm the plaintiff. It was merely cumulative. *Perivoliotis* v. *Eveleth*, 251 Mass. 444. *Kurland* v. *Massachusetts Amusement Corp.* 307 Mass. 131, 142–143. *Commonwealth* v. *Capalbo*, 308 Mass. 376, 383. *Abele* v. *Dietz*, 312 Mass. 685, 691. *Stowe* v. *Mason*, 289 Mass. 577, 582. G. L. (Ter. Ed.) c. 231, § 132.

*Exceptions overruled.*