ALICE D. WATTS, administratrix, *vs.* THOMAS W. RHODES & another.

Essex.    February 8, 1950. — April 28, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Negligence,* Invited person, One owning or controlling real estate. *Snow and Ice. Notice.*

Evidence warranted findings that one, leaving a funeral home where the body of his father was lying, and using a ramp leading from a side door of the building to a parking place in the rear, was upon the ramp as a business invitee of the proprietor of the home and that the proprietor had had notice of but negligently had failed to remove an accumulation of ice on the ramp upon which the visitor slipped and fell.

A description, in a notice given under G. L. (Ter. Ed.) c. 84, §§ 21, 18, as amended, to the proprietor of a funeral home of an injury sustained "while attending your Funeral Home" at a stated address "caused by the condition of your premises at the time," omitted proper statements of the place and cause of the injury as required by the statute.

A defendant in an action for personal injury alleged to have resulted from snow or ice cannot avail himself of omissions to state the place

and cause of the injury in a notice given him under G. L. (Ter. Ed.) c. 84, §§ 21, 18, as amended, unless he has given a counter notice under § 20, as amended.

No express claim of damages need be contained in a notice given under G. L. (Ter. Ed.) c. 84, §§ 21, 18, as amended.

TORT. Writ in the District Court of Southern Essex dated April 23, 1948.

The action was heard by *Fay,* J.

*T. D. Burns,* (*Lee M. Friedman* with him,) for the defendants.

*J. M. Fogarty,* for the plaintiff.

LUMMUS, J. On January 3, 1948, the body of the father of the original plaintiff Charles Watts (who died on December 1, 1949, and whose administratrix now prosecutes this action) was lying, for the purposes of a wake and a funeral, at the funeral home operated by the defendants in Lynn. The plaintiff's intestate went there, and parked his truck in a parking area in the rear, which was provided by the defendants for the use of persons attending services at the funeral home, and which the defendants preferred to have visitors use instead of leaving their automobiles on the street. A driveway ran from the parking area under a porte-cochère to the street. From the driveway, under the porte-cochère, steps led up to a platform which gave access to the side door of the funeral home. A ramp or inclined plane led from the parking area up to the same platform.

On January 3, 1948, snow on the top of the porte-cochère, which had lain there unremoved for a considerable time, had melted and dripped upon the ramp, where it froze into a slippery coating of ice. Although the defendants had sand and salt available, the slippery part of the ramp was not sprinkled with sand or salt. The defendants knew that the ramp formed a direct route from the parking area to the side door, knew that the public generally used the ramp instead of the steps to reach the side door, and knew of the coating of ice on the ramp.

On the evening of January 3, 1948, the intestate, whose

truck was in the parking area, left the funeral home by the side door and descended the ramp. He slipped and fell on the ice on the ramp, and sustained injury. He was helped into the funeral home, where the male defendant said that he had sand there to sprinkle the slippery places and did not understand why they had not been sanded. The judge found that the intestate was an invitee upon the ramp, that when he was hurt he was in the exercise of due care, and that he fell upon an accumulation of ice on the ramp of which the defendants had notice, but which they had negligently failed to remove. He found for the plaintiff, and the Appellate Division dismissed a report.

The intestate warrantably was found to be a business invitee upon the ramp. He was undoubtedly an invitee to the funeral home, and the defendants knew that the ramp was in common use by such invitees. We think it was a question of fact whether the invitation extended to the use of the ramp. *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491, 494. *Coates* v. *First National Stores Inc.* 322 Mass. 563, 565.

With the burden of proof of contributory negligence upon the defendants (G. L. [Ter. Ed.] c. 231, § 85, as appearing in St. 1947, c. 386, § 1), the intestate could not be ruled to be guilty of contributory negligence, even if, as the report fails to show, he knew of the ice on the ramp. *Mello* v. *Peabody*, 305 Mass. 373. *Hebb* v. *Gould*, 314 Mass. 10, 15. *Elwell* v. *Athol*, *ante*, 41.

It appeared that on January 8, 1948, the intestate mailed to the defendants a notice as follows: "84 Pine Street, Swampscott, Mass. January 8, 1948. Thomas W. Rhodes, 67 Ocean Street, Lynn, Massachusetts. This is to notify you that on January 3, 1948, about 10:00 to 10:15 P.M., while attending your Funeral Home at 67 Ocean Street, I received a bad fall causing me considerable bodily injuries and am now in the care of my physician. This accident was caused by the condition of your premises at the time. Will you kindly let me hear from you at once. Very truly yours, [signed] Charles Watts."

General Laws (Ter. Ed.) c. 84, § 21, provides that "The three preceding sections, so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons founded upon the defective condition of their premises . . . when caused by or consisting in part of snow or ice," and provides that notice within thirty days after the injury shall be sufficient. It is not disputed that the notice was seasonably received by the defendants. *Regan* v. *Atlantic Refining Co.* 304 Mass. 353. Turning back to § 18, as appearing in St. 1933, c. 114, § 1, which in terms requires notice to a municipality of injuries resulting from a defect consisting in part of snow or ice or both, that section provides that the notice must be "of the name and place of residence of the person injured, and the time, place and cause of said injury or damage."

In this case the notice began with the place of residence of the person injured, and was signed by him. The time of the injury was sufficiently specified. *Hebb* v. *Gould*, 314 Mass. 10, 13. The "place" of the injury was not specified beyond the statement that it was at the funeral home, and we think there was an omission to state the "place" in accordance with the statute. Considerable definiteness is required as to the place, so as to enable a defendant to identify it and to investigate the occurrence. *Cronin* v. *Boston*, 135 Mass. 110. *Dalton* v. *Salem*, 139 Mass. 91. The cause of the injury was stated merely in general terms, as "the condition of your premises at the time," and nothing was said about ice. But as notice was required only in case of injury by reason of snow or ice, it may be that any such notice pointed to snow or ice. *Hebb* v. *Gould*, 314 Mass. 10, 13, 14.

The failure to state the place of the injury, and possibly the cause of the injury, constituted omissions, and not inaccuracies. *Brown* v. *Winthrop*, 275 Mass. 43, 46. *Merrill* v. *Springfield*, 284 Mass. 260, 262. *Marshall* v. *Cambridge*, 310 Mass. 822. Where the defect is an omission, and not an inaccuracy, the defect is not curable by proof that there was no intention to mislead and that the party entitled to

notice was not misled, under G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1. If the notice was one "referring to the injuries sustained and claiming damages therefor," within G. L. (Ter. Ed.) c. 84, § 20, as amended by St. 1939, c. 147, a defendant cannot avail himself of such omissions unless he gives a counter notice to the person injured pointing out the insufficiency of the notice and requesting a new notice in compliance with law. In this case no such counter notice was given.

The only remaining question is whether the notice given by the intestate was one "claiming damages" for the injury. No express claim of damages need be contained in a notice otherwise in accordance with the statute. *Goff* v. *Hickson,* 322 Mass. 655, 659. *Laskowski* v. *Manning, ante,* 393. A notice would be useless unless meant to establish a claim for damages. See *Hebb* v. *Gould,* 314 Mass. 10, 13, 14. The phrase in the notice, "Will you kindly let me hear from you at once," is indicative of a claim upon the defendants. Fairly construed, the notice showed that it was "intended as the foundation of that kind of a right of action to which a notice is a condition precedent." *Meniz* v. *Quissett Mill,* 216 Mass. 552, 555. The case of *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143, is ·distinguishable. The notice in that case did not demand an answer. It asked only for help as a matter of charity. As was said in the opinion (page 149), "Reasonably interpreted, the letter [notice] makes no claim for damages for the injuries sustained. It goes no further than to express a hope or desire that the defendant will make some contribution toward the medical expenses ensuing from the injury."

*Order dismissing report affirmed.*