BARBARA A. CAIN *vs.* DONALD J. AKIKIE & another.[1] July 5, 1974. This is an action of tort brought by the plaintiff against two physicians who, acting as partners, treated her for fractures of her right leg. One count of the plaintiff's declaration is against Dr. Akikie and refers to fractures received as the result of an automobile accident which occurred in 1965. Another count is against Dr. O'Neil and refers to fractures of the same leg incurred in the 1965 accident and in a second accident (a fall down stairs) which occurred in 1967. The plaintiff alleges in both counts that the defendant was negligent in failing to diagnose and treat fractures of the right foot. A jury returned verdicts for the defendants. 1. The plaintiff argues four exceptions taken to evidentiary rulings by the trial judge during redirect examination of the plaintiff's expert witness. Each ruling was correct for more than one reason. In any event, there was no offer of proof made by the plaintiff in the case of two of the excluded questions. *Ford* v. *Worcester,* 339 Mass. 657, 658 (1959). *R. L. Polk & Co.* v. *Living Aluminum Corp.* 1 Mass. App. Ct. 170, 173 (1973). In each instance an offer was necessary. Contrast *Moran* v. *Levin,* 318 Mass. 770, 774 (1945). The answer to another question

[1]James E. O'Neil.

was properly struck. That answer was not responsive. A subsequent question asked the expert to explain a part of the stricken answer. It was properly excluded. 2. The plaintiff also argues that the judge abused his discretion in denying her motion for a new trial based on the ground that the verdict was against the weight of the evidence. The designated record discloses that the evidence presented a jury question, and we hold that no abuse of discretion has been demonstrated. See *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 59-61 (1948).

*Exceptions overruled.*

*Harvey W. Freishtat* (*Marien E. Evans* with him) for the plaintiff.

*Robert G. Conley* for the defendants.