JOSEPH P. GLIDDEN, administrator, *vs.* COLBY ASSOCIATES, INC. & another. December 20, 1977. This action for wrongful death and conscious suffering was brought by the administrator of the estate of a six-year-old boy who was killed when struck by an automobile owned by the defendant Colby Associates, Inc., and operated by the defendant Thomas A. Sullivan (Sullivan). Verdicts were returned for the defendants. The plaintiff appeals from the judgments entered thereon and from the denial of his motion for a new trial made pursuant to Mass.R.Civ.P. 59(a) and (b), 365 Mass. 827 (1974). 1. We need not decide whether the judge's denial of the plaintiff's motion for a new trial was an appealable final judgment within the meaning of G. L. c. 231, § 113, as amended through St. 1973, c. 1114, § 202, and of Mass.R.Civ.P. 54(a), 365 Mass. 820-821 (1974). See *Forte* v. *Muzi Motors, Inc., ante,* 700, 701 n.4 (1977). Since the denial of that motion is, in any event, reviewable upon the plaintiff's appeals from the judgments entered on the verdicts, the appeal from the denial of that motion is immaterial and must be dismissed. 2. Assuming, without deciding, that the judge erred in allowing a police officer to testify to statements concerning the accident made by Sullivan at the scene and in allowing another officer to testify to statements made by Sullivan later that evening at the police station, the admission of this testimony "has not injuriously affected the substantial rights of the [plaintiff]." G. L. c. 231, § 132, as amended through St. 1973, c. 1114, § 206. Many of Sullivan's statements testified to by the officers (including his assertions as to the speed at which he was traveling just prior to the accident, his immediate application of the brakes upon seeing a group of boys attempting to cross the street, and the distance which the victim was thrown when struck by the automobile) were also contained in Sullivan's report to the Registry of Motor Vehicles, written the day after the accident and introduced in evidence without objection. The remaining material statements of Sullivan testified to by the officers concerned facts testified to by Sullivan and others at trial

and were not seriously contested. In short, the testimony of the police officers was merely cumulative. *Stowe* v. *Mason,* 289 Mass. 577, 582 (1935). *Kelley* v. *Boston,* 296 Mass. 463, 466-467 (1937). *Commonwealth* v. *Shea,* 323 Mass. 406, 415 (1948). *LaPlante* v. *Maguire,* 325 Mass. 96, 98 (1949). *Ross* v. *Ross,* 329 Mass. 644, 648-649 (1953). 3. Our review of the evidence indicates to us that the question of Sullivan's negligence was for the jury, and that there was no abuse of discretion by the judge in his ruling, implicit in the denial of the motion for a new trial, that the verdicts were neither against the evidence nor the weight of the evidence. *Roth* v. *Westinghouse Elec. Corp.* 2 Mass. App. Ct. 120, 121-122 (1974). *Cain* v. *Akikie,* 2 Mass. App. Ct. 857 (1974). See *Herwitz* v. *Massachusetts Bay Transp. Authy.,* 353 Mass. 594, 600 (1968). The plaintiff's appeal from the denial of his motion for a new trial is dismissed. The judgments are affirmed.

*So ordered.*

*Michael A. Molloy* (*Joseph W. Mahony* with him) for the plaintiff.
*Thomas D. Dolan* for the defendants.